## STATE v. RICHARD JOHN BOLAND.

217 N. W. 2d 491.

April 19, 1974—No. 44154.

 

*John S. Connolly,* for appellant.

*Warren Spannaus,* Attorney General, and *Frederick S. Suhler, Jr.,* Special Assistant Attorney General, for respondent.

PER CURIAM.

This is an appeal from a judgment of the district court which affirmed an order of the commissioner of public safety revoking defendant's driver's license for refusal to permit chemical testing under Minn. St. 169.123. We affirm.

Minn. St. 169.123, subd. 2, provides in part as follows:

"Any person who drives or operates a motor vehicle upon the public highways of this state shall be deemed to have given consent * * * to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood. The test shall be administered at the direction of a peace officer. * * * *Any person may decline to take a direct blood test and elect to take either a breath, or urine test, whichever is available, in lieu thereof, and either a breath or urine test shall be made available to the arrested person who makes such an election. No action shall be taken against the person for declining to take a direct blood test unless either a breath, or urine test was available.* At the time the peace officer requests such chemical

test specimen, he shall inform the arrested person that his right to drive may be revoked or denied if he refuses to permit the test and that he has the right to have additional tests made by a person of his own choosing." (Italics supplied.)

Defendant, who was offered a choice between the direct blood test and the breath test and refused to take either, contends that both alternative tests were available and, that being so, under the statute the police were obligated to offer him a choice among all three tests.

Except for the portion italicized above, § 169.123, subd. 2, is modeled after the corresponding provision of the Uniform Chemical Test for Intoxication Act. Most courts have interpreted the provision of the uniform act as giving the officer the option of choosing which test to offer a driver so that if the officer offers a direct blood test only, the driver's choice is between taking the test and losing his license. See, Annotation, 88 A. L. R. 2d 1056. However, the Minnesota statute gives the driver the option of declining a direct blood test, which must be offered to him,[1] and electing an available alternative test. We think it is clear that the legislature inserted this provision as a recognition of the fact that some people have a reasonable aversion to giving blood. Were we to hold that in some cases the police have an obligation to offer both alternative tests to the driver, we would be reading into the statute something which is not there. While we believe that police should be encouraged to offer a driver both alternatives if both are available, we do not believe that under the statute the failure of the police to do so bars revocation.

Affirmed.

---

[1] State, Department of Highways, v. McWhite, 286 Minn. 468, 176 N. W. 2d 285 (1970). See, State, Department of Public Safety, v. Nystrom, 299 Minn. 224, 217 N. W. 2d 201 (1974).