Paul Orlyn CARLSON, Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C1–84–1103.

Court of Appeals of Minnesota.

Nov. 13, 1984.

Kenneth Meshbesher, Meshbesher, Singer & Spence, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Paul Orlyn Carlson appeals from the trial court's decision sustaining the revocation of his driver's license pursuant to the implied consent law. We affirm.

## FACTS

On February 26, 1984, Paul Orlyn Carlson was arrested for driving while under the influence of alcohol and failing to stop at a stop sign. The arresting officer offered Carlson a breath test, as provided under Minnesota's implied consent law, Minn.Stat. § 169.123, subd. 2 (Supp.1983). Carlson refused a breath test and instead requested a blood test. The officer refused to provide a blood test, and Carlson's driver's license was revoked.

Carlson requested judicial review, and the trial court sustained the Commissioner of Public Safety's revocation of his license.

## ISSUE

Does a driver have a right to refuse a breath test under the implied consent law and instead select a blood test?

## ANALYSIS

In 1974 the Minnesota Supreme Court rejected the notion that all three chemical tests (blood, breath, and urine) must be offered to a driver in an implied consent proceeding. See State v. Boland, 299 Minn. 198, 199, 217 N.W.2d 491, 492 (1974).

The 1982 amendment to Minn.Stat. § 169.123, subd. 2, makes it clear that a blood test need not be offered but, if one is offered, refusal to take it will not justify license revocation unless an alternative test was offered. 1982 Minn. Laws ch. 423, § 9. The statute provides, in pertinent part:

(a) any person who drives * * * a motor vehicle within this state consents * * to a chemical test of his blood, breath, or urine for the purpose of determining the presence of alcohol or a controlled substance. * * * No action may be taken against the person for declining to take a direct blood test, if offered, unless an alternative test was offered.

Minn.Stat. § 169.123, subd. 2 (Supp.1983).

Carlson claims he has a constitutional right to a blood test, that the implied consent law violates due process by arbitrarily permitting persons to avoid blood tests but not alternative tests, and that the statute violates equal protection by permitting persons to avoid blood tests on request but not to insist on blood tests to the exclusion of other tests.

Carlson's arguments are based on an underlying assumption that the blood test is more accurate than the breath test. At the hearing his attorney elicited some hearsay evidence on cross-examination of two deputies that they had "heard" the blood test was more accurate than the breath test. The Minnesota Supreme Court, however, has consistently expressed its confidence in the reliability of the breath test. See Heddan v. Dirkswager, 336 N.W.2d 54, 61–62 (Minn.1983); State v. Habisch, 313 N.W.2d 13, 15–16 (Minn.1981); State v. Quinn, 289 Minn. 184, 187–88, 182 N.W.2d 843, 845 (1971). Absent any quantifiable evidence of the claimed disparity in accuracy of the chemical tests, we decline to address Carlson's constitutional arguments and hold that his refusal to take the breath test was not reasonable.

## DECISION

Appellant's refusal to take a breath test offered under the implied consent law and insistence instead on a blood test was not a reasonable refusal.

Affirmed.