Hazel Alva SCHRAM,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C4–84–1094.

Court of Appeals of Minnesota.

Dec. 18, 1984.

Susan M. Elfstrom, St. Paul, for respondent.

Hubert H. Humphrey, III, State Atty. Gen., Linda F. Close, Martha J. Casserly, Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered, and decided by POPOVICH, C.J., and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Respondent, Hazel Alva Schram, appealed the Commissioner of Public Safety's order revoking her driver's license pursuant to Minn.Stat. § 169.123 (Supp.1983). The district court rescinded the revocation. The Commissioner appealed. We reverse.

## FACTS

A Mendota Heights police officer observed respondent's car stuck in a snow bank. The officer approached the car and noticed respondent, the sole occupant, seated behind the steering wheel with the car's motor running. The officer noted alcohol on respondent's breath and told her to turn the car off. He then called a backup unit because he was in route elsewhere.

Officer Donn Anderson arrived within minutes. He also smelled alcohol on respondent's breath and asked her to perform field sobriety tests, which she failed. Anderson concluded respondent was driving while under the influence of alcohol and arrested her. He read her the implied consent advisory and asked her for a breath test. She consented, but either refused to give a sample or was unable to provide an adequate sample for analysis due to diminished lung capacity.

Anderson asked respondent to take a blood test. She consented and was taken to Divine Redeemer Hospital. At the hospital she signed a consent form then added "under duress."

Under the direction and observation of Officer Anderson, Sandra Brickman, a medical laboratory technician, withdrew a blood sample from respondent using a kit supplied by the Bureau of Criminal Apprehension (BCA). Brickman initialed the seal, then handed the blood sample to Anderson who placed the seal over both the glass tube and rubber stopper.

Anderson placed the sealed test tube in a styrofoam container, sealed it with two seals, placed the styrofoam container in a cardboard box and sealed it with two more seals. The lab technician and the officer initialed all seals.

Officer Anderson transferred the sealed blood kit to the Mendota Heights Police Department squad room where he put it in an unlocked refrigerator. Captain Gene Lange of the Mendota Heights Police Department transferred the kit to the BCA and gave it to the chemist. When the chemist received the kit all seals were intact. She broke the seals and analyzed the blood twice. Results showed a blood alcohol concentration of .16.

## ISSUES

1. Did the trial court abuse its discretion in determining that a sufficient "chain of custody" had not been established in order to admit petitioner/respondent's blood test results?

2. Did petitioner/respondent's notice of review state with enough specificity that the "chain of custody" was at issue?

## ANALYSIS

1. Respondent claims the chain of custody is flawed because it is not clear how the blood sample got from the police department to the BCA. The trial court refused to admit, due to lack of foundation,

an inventory receipt showing Captain Lange transported it. Captain Lange did not testify. However, Officer Anderson identified the initials on the seals and the BCA chemist testified that she received the blood kit with respondent's name on it and with all seals properly intact.

■ The fact that Captain Lange did not testify that he transported the sample to the BCA is immaterial. Likewise, the fact that the technician had no independent recollection of drawing the blood sample is immaterial since both she and Officer Anderson identified their initials.

There is no rigid formula for establishing the foundation necessary to admit a particular item of evidence.

■ *State v. Hager,* 325 N.W.2d 43, 44 (Minn.1982), *quoting* M. Graham, *Evidence and Trial Advocacy Workshop: Relevance and Exclusion of Relevant Evidence— Real Evidence,* 18 Crim.L.Bull. 241, 243–46, 247 (1982) stated:

> [A]ll possibility of alteration, substitution, or change of condition need not be eliminated in laying a chain of custody foundation. In the absence of any indication of substitution, alteration or other form of tampering, reasonable probative measures are sufficient.

Although the trial court has discretion in determining sufficiency of foundation, where the prosecution established reasonable probability that tampering did not occur, the trial court erred in finding otherwise.

■ 2. The scope of implied consent hearings is limited to those issues enumerated in Minn.Stat. § 169.123, subd. 6 (Supp. 1983). Minn.Stat. § 169.123, subd. 5c (1982), provides that a petition must state with specificity the grounds upon which the petitioner seeks rescission of the order of revocation. The trial court erred in allowing petitioner/respondent to raise the chain of custody issue because she did not specify this issue with enough particularity in her petition for review to put the Commissioner on notice. *See Eveslage v. Commissioner of Public Safety,* 353 N.W.2d 623

(Minn.Ct.App.1984). This is also grounds for reversal.

## DECISION

We reverse the trial court's order and sustain the commissioner's revocation of respondent's license.