**John C. GLICK, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C3–84–1118.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Jerrold M. Hartke, South St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and LANSING, and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

John C. Glick appeals from an order of the county court upholding the commissioner's revocation of his driver's license under the implied consent statute. We affirm.

## FACTS

The arresting officer, upon arrival at the scene of an accident, discovered appellant John Glick's car had collided with a parked car. The officer smelled the odor of alcohol on Glick's breath and noted his balance was uncoordinated and his speech slurred. He arrested Glick for driving while under the influence (DWI) and read him his rights. He then took Glick to a hospital where, with Glick's consent, a blood sample was withdrawn.

The arresting officer was present when the blood sample was withdrawn by Mary Gauw who signed the "Medical Personnel Certificate" on the report. After she withdrew the blood sample, she initialed the test tube and handed the blood sample kit to the officer, who sealed it and mailed it to the Bureau of Criminal Apprehension's laboratory. Glick's blood alcohol concentration was .22.

At trial, Glick objected to the introduction of the report based on a lack of foundation. The trial court admitted the report into evidence.

## ISSUE

Did the trial court err in admitting into evidence the report of a blood sample without evidence of the competency of the blood test administrator?

## ANALYSIS

Glick claims Minn.Stat. § 634.15 (1982) requires that the person taking a blood sample be shown to be qualified. Section 634.15 provides that, in implied consent cases, the blood sample test administrator need not testify in person but signed reports may be submitted in lieu thereof. Minn.Stat. § 634.15, subd. 1 (1982). The statute provides for prima facie authenticity of the report by requiring it to be issued by an authorized laboratory. *See* Minn. Stat. § 63.15, subd. 1(a) (1982). The statute nowhere requires the establishment of a foundation that the test administrator is qualified. If a driver wishes to challenge the qualifications of the test administrator, he may require the administrator's presence. Minn.Stat. § 634.15, subd. 2 (1982). The intent of the statute is to allow the report into evidence routinely, thereby preventing unnecessary and costly court appearances or document production.

Authenticity of the report is inferred from the place and nature of taking the sample. Glick was free to challenge the report or its contents. He could have challenged Gauw's qualifications by requesting she attend the hearing and testify on behalf of the state. *State, Department of Public Safety v. Habisch*, 313 N.W.2d 13, 16 (Minn.1981). He chose not to. Absent this, no additional documents or testimony are needed to establish her competence.

Exclusion of evidence for lack of foundation rests within the sound discretion of the trial court and will not be disturbed unless justice requires. *Bisbee v. Ruppert*, 306 Minn. 39, 43, 235 N.W.2d 364, 368 (1975); *see Tate v. Commissioner of Public Safety*, 356 N.W.2d 766, 767 (Minn. Ct.App.1984). There was no abuse of discretion here.

## DECISION

Affirmed.