**Thomas E. FORREST,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. C4–84–2052.**

Court of Appeals of Minnesota.

April 23, 1985.

Review Denied June 27, 1985.

Mark W. Malzahn, Anoka, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Thomas Edward Forrest appeals from an order sustaining the revocation of his driver's license. We affirm.

## FACTS

Police officer Jerome Zervas arrested appellant for driving while intoxicated in violation of Minn.Stat. § 169.121 (1984). Officer Zervas read the implied consent advisory to appellant and asked him to take a breath test. Minn.Stat. § 169.123, subd. 2(c) (1984). Appellant refused to take the breath test and requested a blood test. Officer Zervas explained that he was only offering him a breath test. Appellant again refused to take it. Officer Zervas again read the implied consent advisory, allowed appellant to read it himself, and told appellant that the breath test was his only option. Appellant said he would only take a blood test. Officer Zervas then took appellant to Anoka County Jail.

## ISSUE

Does a driver have a right to refuse a breath test under the implied consent law and instead insist on a blood test?

## ANALYSIS

Appellant contends the language of Minn.Stat. § 169.123, subd. 2 (1984), is ambiguous because it is not clear that refusal of a test offered by a police officer constitutes a refusal of all tests. This issue was directly addressed in *Carlson v. Commissioner of Public Safety*, 357 N.W.2d 391 (Minn.Ct.App.1984). The court held "appellant's refusal to take a breath test offered under the implied consent law and insistence instead on a blood test was not a reasonable refusal." *Id.* at 392.

## DECISION

We affirm the trial court's revocation of appellant's driver's license.