**Roger Bernard KRAKER, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C8–85–413.**

Court of Appeals of Minnesota.

July 16, 1985.

Review Denied Sept. 19, 1985.

Samuel A. McCloud, Dean S. Grau, Linda Bogut, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., M. Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from an order sustaining the revocation of appellant's driver's license. We affirm.

## FACTS

Roger Kraker was arrested on August 26, 1984 for driving while intoxicated. When he refused to submit to chemical testing, his license was revoked. Kraker requested a hearing pursuant to Minn.Stat. § 169.123, subd. 5c (1984), seeking rescission of revocation because of lack of probable cause and because there was reasonable grounds for refusal.

At the hearing Officer James Dupay testified that he first observed Kraker's automobile parked with its headlights on. While Dupay was watching the vehicle, he saw one of the occupants alight from the driver's side and get in the back seat. Dupay drove away and shortly thereafter was stopped by the driver of another vehicle

who reported that a car being driven by a man had just hit a lightpole. The driver gave Dupay the license number of the vehicle involved in the accident, which was the same as the Kraker vehicle Dupay had observed earlier.

With this information Dupay returned to the Kraker vehicle, where he saw Kraker's wife sitting in the front seat and talking with Kraker, who was sitting in the back seat. Mrs. Kraker had a wound on her face, the rearview mirror was broken and the windshield in front of the driver's seat was cracked. Kraker was uninjured.

In addition to the other damage, Dupay observed that the bumper was damaged and there was paint on the car which was the same color as the damaged street pole.

Over Kraker's objection, Dupay testified that Mrs. Kraker told him her husband had been driving the vehicle when the accident occurred. Mrs. Kraker, on the other hand, testified that she had been driving, and that she always drove when Kraker drank. Kraker himself did not remember anything very clearly, but did testify that his wife was driving when they had left the drinking establishment that evening.

At the hearing, Kraker's attorney stated that the only issue he was raising concerned identity of the driver of the vehicle. He admits the officer had probable cause to believe appellant was driving, but argues that in a proceeding under Minn.Stat. § 169.123 the state must establish that the petitioner was *actually* driving, operating, or in physical control of a vehicle while intoxicated. (Emphasis added.)

Counsel for the Commissioner objected to raising this issue at the hearing, because it had not been specifically raised in Kraker's petition.

The trial court sustained the revocation of Kraker's license on the basis that Dupay had probable cause to believe Kraker had been driving and concluded that Kraker's petition "fail[ed] to allege with specificity any reasonable ground for refusing to take the test."

## ISSUE

Did Kraker's petition for judicial review sufficiently raise the issue of who was actually driving the vehicle on the night in question?

## ANALYSIS

Minn.Stat. § 169.123, subd. 5c (1984), states that a petition for judicial review "shall state with specificity the grounds upon which the petitioner seeks rescission of the order of revocation or denial." *See also Eveslage v. Commissioner of Public Safety,* 353 N.W.2d 623 (Minn.Ct.App. 1984).

Here, Kraker's petition alleged (1) lack of probable cause and (2) reasonable grounds for refusal. Nowhere in the petition did he raise the claim that he had not actually been driving the vehicle.

Kraker claims that the issue of who was actually driving was litigated by consent of the parties in accordance with Minn.R. Civ.P. 15.02. However, the Commissioner objected immediately when the issue was raised. In *Schram v. Commissioner of Public Safety,* 359 N.W.2d 632 (Minn.Ct. App.1984), we held that allowing evidence on an issue which had not been stated with particularity in the petition for review was grounds for reversal.

Kraker's argument that the Commissioner should have requested a more specific statement pursuant to Minn.R.Civ.P. 12.05 is without merit. The statute clearly indicates that the *petition* must specifically state the grounds for rescission. *See id.*

Finally, Kraker claims that the Commissioner's refusal of the court's offer of a continuance to produce a witness, somehow waived its objection to the issue of who was driving the vehicle. This argument is also without merit.

## DECISION

Appellant failed to specifically raise the issue of the driver's identity in his petition for judicial review. Affirmed.