Brian Ames HALLOCK,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. CX–84–2248.

Court of Appeals of Minnesota.

Aug. 6, 1985.

Leon R. Bissonette, Wayzata, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Mary B. Magnuson, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by LESLIE, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

LESLIE, Judge.

Brian A. Hallock appeals the order of the trial court sustaining the revocation of his driving privileges. We affirm.

## FACTS

On September 28, 1984, at approximately 11:23 p.m., appellant Brian Hallock was arrested by a Richfield police officer for driving while under the influence of alcohol in violation of Minn.Stat. § 169.121 (1984).

The police officer took appellant to the Richfield Public Safety Department and read him their Implied Consent Advisory which included the following statement:

After submitting to testing or deciding not to submit to testing you have the right to consult with an attorney and to have additional tests made by a person of your own choosing. *Your decision whether or not to submit to testing is final and may not be changed following any conversation with your attorney.* (Emphasis added.)

The officer asked appellant to submit to a breath test. Appellant decided not to do so, admitting he understood the informa-

tion on the advisory form. Appellant contends he was never offered an opportunity to consult with an attorney prior to the decision on testing. After his refusal to submit to testing, Hallock's driver's license was revoked for one year.

## ISSUE

Did the trial court err by sustaining the revocation of Hallock's license?

## ANALYSIS

 1. Appellant contends his license revocation should be rescinded since he was not given the opportunity to speak with his attorney before deciding whether to submit to chemical testing.

In *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512 (Minn.1985), the Minnesota Supreme Court ruled that the implied consent advisory established by the legislature in Minn.Stat. § 169.123, subd. 2 (1984) effectively abolished the limited right to counsel previously recognized in *Prideaux v. State, Department of Public Safety*, 310 Minn. 405, 247 N.W.2d 385 (1976).

*Nyflot* is controlling here, so the trial court properly refused to rescind the revocation of Hallock's license.

2. Appellant also argues that the Richfield police added language to the statutory implied consent advisory which was confusing and discouraged him from seeking advice of counsel. Hallock was advised:

> After submitting to testing or deciding not to submit to testing you have the right to consult with an attorney and to have additional tests made by a person of your own choosing. *Your decision whether or not to submit to testing is final and may not be changed following any conversation with your attorney.* (Emphasis added.)

Uniformity in giving the implied consent advisory is highly encouraged. In fact, we recommend that police officers read the exact words of the statute in order to avoid any possibility of confusion or improper deviation from the statute. *See* Minn.Stat. § 169.123, subd. 2.

However, we cannot say that this added sentence was an incorrect statement of the Minnesota law, or so confusing as to render the advisory illegal. *See Holtz v. Commissioner of Public Safety*, 340 N.W.2d 363, 365–66 (Minn.Ct.App.1983). Therefore there was no prejudice, and the trial court's decision is affirmed.

## DECISION

We affirm the decision of the trial court.