**Dennis Edward ROCHE, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C9–84–2094.

Court of Appeals of Minnesota.

Aug. 6, 1985.

Dennis Edward Roche, pro se.

Hubert H. Humphrey, III, Atty. Gen., Jeff Bilcik, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by NIER-ENGARTEN, P.J., and LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellant Commissioner of Public Safety appeals from the trial court's order rescinding the commissioner's revocation of respondent Dennis Edward Roche's license under the implied consent statute. We reverse.

## FACTS

On August 19, 1984, a blue Buick and a semi-tractor trailer were involved in an accident on Interstate 494 near the Mississippi River bridge. Upon arriving at the scene of the accident, Paul Pfuhl, a Minnesota State Trooper, identified the driver of the Buick as respondent Dennis Roche. Pfuhl smelled the odor of alcohol on Roche's breath and noted his eyes were bloodshot and watery. Roche was brought to a hospital for treatment of injuries sustained in the accident.

Pfuhl then proceeded to the hospital where he placed Roche under arrest for driving while under the influence. After having been read the Implied Consent Advisory form, Roche agreed to a blood test.

Pfuhl was present when the blood sample was withdrawn by Antoinette Finholt, a laboratory technician. After the sample was withdrawn, she signed the "Medical Personnel Certificate" on the report, initialed the test tube and handed the blood sample kit to Pfuhl. Pfuhl then sealed the kit and handed it to his partner who mailed it to the Bureau of Criminal Apprehension's laboratory. Roche's blood alcohol concentration was .11.

The commissioner revoked Roche's driving privileges pursuant to Minn.Stat. § 169.123 (1984), the implied consent statute. Roche petitioned for judicial review. Seven days before trial, Roche served notice on the commissioner requesting the appearance of all "persons who performed any laboratory analyses or examination with regard to this case * * *." At trial, after initially receiving the medical personal certificate and the blood test results, the court on its own motion changed its ruling and stated the blood test results would not be received. The court cited a lack of foundation.

## ISSUE

Did the trial court err in refusing to admit the report of a blood sample when there was no evidence of the competency of the blood test administrator?

## ANALYSIS

The trial court held there was insufficient evidence to show that the blood sample was properly withdrawn by a qualified person. The court stated:

> The Court at the time of the offer of Exhibit 2, which is the report from the Bureau of Criminal Apprehension on the test, because it is a record, accepted the same not knowing, as I indicated at the time, as to what happened in the way of evidence that would underly this particular document. Nothing has happened, and therefore if there was a Motion made to bar this from evidence on the ground there is no foundation that a blood sample was properly before the Bureau, so I am now going to sustain

that objection, and Exhibit 2 is not admissible. I am reversing myself on that foundation having not been laid.

■ Minn.Stat. § 634.15, subd. 1 (1984), a special rule regarding the admission into evidence of blood sample reports, provides in part:

> In any * * * proceeding pursuant to section 169.123, subdivision 6, the following reports shall be admissible in evidence:
>
>      *     *     *     *     *     *
>
> (b) A report of a blood sample withdrawn under the implied consent law if:
>
> (i) The report was prepared by the person who administered the test;
>
> (ii) The person who withdrew the blood sample was competent to administer the test under section 169.123, subdivision 3; and
>
> (iii) The report was prepared consistent with any applicable rules promulgated by the commissioner of public safety.
>
> A report described in clause * * * (b) purported to be signed by the person who withdrew the blood sample shall be admissible as evidence without proof of the seal, signature or official character of the person whose name is signed to it.

*Id.* In *Glick v. Commissioner of Public Safety,* 362 N.W.2d 15 (Minn.Ct.App.1985), this court stated:

> [Section 634.15] nowhere requires the establishment of a foundation that the test administrator is qualified. If a driver wishes to challenge the qualifications of the test administrator, he may require the administrator's presence. The intent of the statute is to allow the report into evidence routinely, thereby preventing unnecessary and costly court appearances or document production.

*Id.* at 16 (citations omitted); *see* Minn.Stat. § 634.15, subd. 2 (1984). Absent a request that the administrator attend the hearing and testify on behalf of the state, "no additional documents or testimony are needed to establish [the administrator's] competence." *Glick,* 362 N.W.2d at 16; *see State, Department of Public Safety v. Habisch,* 313 N.W.2d 13, 16 (Minn.1981).

The trial court could exclude the blood sample report only if Roche properly requested the attendance of Finholt and the State failed to introduce her testimony.

■ Minn.Stat. § 634.15, subd. 2 (1984) sets forth the procedure for calling witnesses on behalf of the State:

> An accused person or his attorney may request, by notifying the prosecuting attorney at least *ten days* before the trial, that the following persons testify in person at the trial on behalf of the state:
>
> (a) A person who performed the laboratory analysis or examination for the report [issued by the Bureau of Criminal Apprehension]; or
>
> (b) A person who prepared the blood sample report described in subdivision 1, clause (b).

*Id.* The blood sample report was erroneously excluded for two reasons. First, Roche's notice that certain persons testify on behalf of the State was served only seven days before trial. Section 634.15, subd. 2 requires that the notice be served at least *ten* days before trial. *See id.*

Second, Roche requested the attendance of all "persons who performed any laboratory analyses or examination with regard to this case". His request did not include the "persons who prepared the blood sample report". Section 634.15 distinguishes between the person performing the laboratory analysis and the person who prepares the blood sample report. Finholt falls into subdivision (b) as the person who prepared the report, and thus her attendance was not properly requested. Accordingly, Finholt's presence was not required and the blood sample report should have been admitted into evidence without further need of foundation as to authenticity.

## DECISION

The blood sample report should have been admitted into evidence and the Commissioner's order upheld.

Reversed.