**Bernadette DEHN, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C1–86–845.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Michael A. Zimmer, Waseca, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by HUS-PENI, P.J., and PARKER and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellant was arrested for driving while under the influence. She submitted to a breath test which disclosed an alcohol concentration of .17. After an implied consent hearing, the trial court sustained the revocation of appellant's driving privileges. Appellant appeals from the trial court's order. We affirm.

## FACTS

On July 23, 1985, Officer John Broughten arrested appellant for driving while under the influence. He took her to the sher-iff's department in Waseca, where he read the implied consent advisory to her. The reading and subsequent discussion were videotaped. After Officer Broughten read the implied consent advisory, the following exchange took place:

> Appellant: So what if I flunk, then what happens?
>
> Officer Broughten: You'd be spending the night here.
>
> Appellant: So regardless I'll be spending the night.
>
> Officer Broughten: The only way you'll be released tonight is if you have a $1,000 cash bail or you blow a pass on this machine.

Appellant took the breath test, and the test result showed an alcohol concentration of .17. The Commissioner revoked her license for 90 days and she petitioned for judicial review. The trial court sustained the revocation. On appeal, Officer Broughten's answers to her two questions are the primary issue. Appellant claims they confused and misled her.

## ISSUE

Did the officer properly advise appellant of her rights pursuant to the implied consent law?

## ANALYSIS

The facts in this case are not in dispute. Instead, appellant contests the trial court's conclusions of law. Conclusions of law will be overturned only upon a determination that the trial court has erroneously construed and applied the law to the facts of the case. *See Durfee v. Red Baxter Imports, Inc.*, 262 N.W.2d 349 (Minn.1977).

Appellant argues that Officer Broughten did not properly advise her of her rights pursuant to Minn.Stat. § 169.123, subd. 2(b) (1984). Minn.Stat. § 169.123, subd. 2(b) provides that when a test is requested under the implied consent law, the person shall be given the implied consent advisory. The issue of whether an officer has properly informed the driver of the rights and consequences of taking or refusing the test

may be raised at the implied consent hearing. Minn.Stat. § 169.123, subd. 6(2); *Connor v. Commissioner of Public Safety*, 386 N.W.2d 242, 244 (Minn.Ct.App.1986).

Appellant challenges the information which she was given after Officer Broughten read her the implied consent advisory. She contends that this information was a misstatement of the law, was extremely coercive, and rendered the implied consent advisory illegal.

Several cases have addressed the issue of whether the advisory was illegal. In *Hallock v. Commissioner of Public Safety*, 372 N.W.2d 82 (Minn.Ct.App.1985), a driver challenged a revocation because the officer added language to the statutory provision which stated: "Your decision whether or not to submit to testing is final and may not be changed following any conversation with your attorney." *Id.* at 83. The driver contended that this language was confusing and discouraged him from seeking the advice of counsel. This court noted that uniformity in giving the implied consent advisory is highly encouraged, and recommended that police officers read the exact words of the statute to avoid the possibility of confusion or improper deviation from the statute. However, the court held that it could not say that the added sentence was an incorrect statement of Minnesota law or so confusing as to render the advisory illegal. *Id.*

In this case appellant did not contend that the advisory itself was improper. Instead, appellant contends that the additional explanatory information rendered the advisory illegal and confusing. In *Connor*, the driver alleged that an explanatory statement by the officer that "refusal to take the test implies guilt" was a misstatement of the law and was confusing and misleading. This court found that the additional information was not so confusing as to render the advisory illegal. *Connor*, 386 N.W.2d at 245.

 The officer here was not reading from the advisory, he was merely responding to a question by the appellant. His answer reflected what he saw as the conse-quences of failing the test. In Waseca, where the arrest occurred, the consequences of a fail are either incarceration or release upon the posting of a high bail. While the officer could have expanded his answer, we cannot say that the answer given was unduly coercive or confusing. The advisory itself was accurately given and there is no showing that appellant was coerced or intentionally misled. We find no evidence that appellant was inadvertently misled to her prejudice.

Appellant also challenges the local bail policy regarding DWI arrests. We hold that an implied consent proceeding is not the appropriate forum in which to address this issue. Waseca's policy on bail as it related to appellant does not come under the limited scope of the hearing under Minn.Stat. § 169.123, subd. 6 (1984).

## DECISION

The trial court's decision sustaining the revocation was proper.

Affirmed.