Steven LEWANDOWSKI, petitioner, Appellant,

v.

Paul TSCHIDA, Minnesota Commissioner of Public Safety, Respondent.

No. C2–86–1311.

Court of Appeals of Minnesota.

Dec. 2, 1986.

Robert Lawrence Harris, Melchert, Hubert, Sjodin & Willemssen, Waconia, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Lawrence M. Schultz, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant, Steven Lewandowski, was arrested for driving while under the influence. He failed to provide a sufficient breath sample for the Intoxilyzer test, and his license was revoked for refusal. Appellant then petitioned for judicial review, claiming physical inability. The trial court sustained the revocation, and Lewandowski appealed. We affirm.

## FACTS

Appellant, Steven Lewandowski, was arrested for driving while under the influence. Sergeant Robert Pagelkopf administered an Intoxilyzer test, and appellant failed to provide an adequate sample. Pagelkopf considered this a refusal pursuant to the statute and appellant's license was revoked. Appellant petitioned for judicial review, contending, in relevant part, that

he was physically unable to perform the test.

The trial court found that Sergeant Pagelkopf had explained to appellant that he must provide an adequate breath sample for an adequate test, and that the machine was functioning properly and all the calibration standards were within acceptable limits. Appellant tried to blow into the machine seven times but was not able to provide the two adequate breath samples for analysis. Appellant made no statements to the Intoxilyzer operator to explain his inability to provide an adequate breath sample. The trial court further found that there was no evidence that appellant was physically unable to take the test, nor did the officer observe any signs of any physical disability which prevented appellant from providing two adequate breath samples. Finally, the trial court found no alternative test was offered by the operator although appellant did request a blood test.

Appellant testified that on the day the test was administered he had a cold with a runny nose, scratchy throat and a fever. He also had a slight cough and respiratory problem. Appellant further stated that he was a smoker, had worked eight hours the day of the arrest, and was tired. When asked whether he explained any of this to Pagelkopf, he said that he mentioned he had worked and would not mind borrowing a kleenex because he had a runny nose. He did not volunteer any other information about his physical condition to Pagelkopf nor was he asked for additional information.

The trial court sustained the revocation, concluding that appellant was not physically unable to take the test, and that his inability to do so constituted a refusal.

## ISSUES

1. Did the trial court clearly err when it found no evidence that appellant was physically unable to take the test?

2. Was the police officer required to offer an alternative test to appellant?

## ANALYSIS

### I.

Appellant failed to provide an adequate breath sample for the Intoxilyzer test. Failure to provide two adequate breath samples constitutes a refusal. Minn.Stat. § 169.123, subd. 2b(c) (1984). If, however, the failure to do so is due to a physical inability, a sample of blood or urine must be provided by the person. Minn.R. 7502.-0430, subpart. 1 (1985). *See Aunan v. Commissioner of Public Safety*, 361 N.W.2d 907, 908–09 (Minn.Ct.App.1985).

■■■ If, at the scene of the test, the officer determines that a driver who provided an inadequate sample was physically able to provide an adequate sample and the driver's license is later revoked for refusal, the revoked driver may raise the issue of physical inability at the implied consent hearing. *Carlson v. Commissioner of Public Safety*, 374 N.W.2d 791, 794 (Minn. Ct.App.1985). Once the issue is raised the trial court must make findings of fact as to whether the driver's failure resulted from physical inability. *Aunan*, 361 N.W.2d at 909. Whether a person is physically unable to provide a breath sample is an issue of fact, and the trial court's findings will not be reversed unless clearly erroneous. *Burke v. Commissioner of Public Safety*, 381 N.W.2d 903, 904 (Minn.Ct.App.1986).

■■ In this case, the trial court found that there was no evidence that appellant was physically unable to take the test, and the officer did not observe any signs of physical inability which would have prevented appellant from providing two adequate breath samples. The facts upon which appellant bases his claim of physical inability are that he had a cold, was not in good health, had a runny nose, scratchy throat, fever, and a slight cough. These facts are not sufficient to find the trial court clearly erred when it determined there was no physical inability to provide an adequate sample.

In support of his argument, appellant cites *Carlson*, where this court noted that:

[R]espondent's express willingness to take an alternative test, although not determinative of the dispute over physical ability, nor the basis of our holding, lends credibility to respondent's claim that he did not refuse the alcohol test, was willing to take one, but was physically unable to blow hard enough into the Intoxilyzer.

374 N.W.2d at 794. In *Carlson,* however, the trial court found physical inability. In the present case, appellant's willingness to take another test does not compel a finding that the trial court's determination was clearly erroneous.

## II.

Appellant also argues that where the driver claims inability to provide an adequate breath sample and requests an alternative test, one must be offered as a prerequisite to revocation. The rule provides that the alternative tests must be offered to the driver when failure to provide adequate breath samples is the result of physical inability. Minn.R. 7502.0430, subpart. 1 (1985). There is no requirement that the alternative test must be offered every time there is a failure to provide an adequate breath sample. If the police officer should fail to properly recognize physical inability, the driver is then free to raise the issue in the implied consent proceeding; should the trial court find physical inability, the revocation will then be rescinded.

## DECISION

The trial court's decision sustaining the revocation is affirmed.

Affirmed.