**William John SMITH, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C0–86–1436.

Court of Appeals of Minnesota.

March 3, 1987.

Review Denied April 29, 1987.

---

Glenn P. Bruder, Edina, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

Appellant was arrested for driving while under the influence, and his license was revoked for failing a blood test. The trial court sustained the revocation. We affirm.

## FACTS

Officer Robert Molstad arrested appellant William John Smith for driving while under the influence. Molstad read the implied consent advisory to appellant, who agreed to take a breath test. Appellant failed to provide an adequate sample. Because appellant did not furnish a valid breath sample, Molstad again read the implied consent advisory, and appellant agreed to take a blood test. The officer did not give the appellant the option of choosing either a urine or blood test. The results of the blood test indicated an alcohol concentration of .14.

## ISSUES

1. When appellant failed to provide an adequate breath sample on the Intoxilyzer,

was he entitled to the alternative choice between a blood or urine test?

2. Was the evidence of the alcohol concentration test results sufficient?

3. Should the driver's license revocation be rescinded because the Commissioner failed to present live testimony as to the withdrawal and analysis of the blood sample, despite a timely demand for such testimony by the appellant pursuant to Minn. Stat. § 634.15, subd. 2 (1986)?

## ANALYSIS

1. Appellant argues that because the officer did not give him a choice between a blood or urine test, the revocation of his driver's license should be rescinded pursuant to *Haugen v. Commissioner of Public Safety*, 389 N.W.2d 222 (Minn.Ct.App. 1986). In *Haugen*, this court held that where a driver is offered only a blood test, and is not given a choice between a blood and urine test, as mandated by Minn.Stat. § 169.123, subd. 2(c) (1986), the revocation of the driver's license should be rescinded, even if the driver took and failed the blood test. *Id.* at 223.

The circumstances here are distinguishable from *Haugen*. Here, appellant never testified he was unable to produce a breath sample. He only told the officer he had a cold and dentures. The trial court made no finding that appellant's failure to provide an adequate breath sample was due to physical inability, and there is nothing in the record to mandate such a finding.

■ The police officer could have considered appellant's failure to provide an adequate sample to be a refusal. Minn. Stat. § 169.123, subd. 2b(c) (1986). Because the officer had already offered the breath test, the second, gratuitous offer of the blood test did not also require the offer of a urine test. We believe the requirement of a blood/urine choice pursuant to Minn.Stat. § 169.123, subd. 2(c), and our holding in *Haugen*, apply to an initial offer of a blood test and not to a situation where it is only offered upon failure to provide a

breath sample, and where there is no showing of *inability* to provide one.

Minn.R. 7502.0430, subpt. 1 (1985), provides:

Failure of a person to provide two separate, adequate breath samples constitutes a refusal, unless the failure is the result of physical inability to provide a sample, in which case a sample of blood or urine must be provided by the person.

■ If a person fails to provide an adequate breath sample, the officer, absent a determination of physical inability, is not required to offer the driver an additional test. *Lewandowski v. Tschida*, 396 N.W.2d 711 (Minn.Ct.App.1986). The offer of the additional test here was gratuitous.

■ 2. There is no merit to appellant's argument that the evidence of the alcohol concentration test was inadequate. The peace officer's certificate, received in evidence, indicates that a medical technician withdrew the blood sample, that the sample was submitted to the BCA for analysis, and that the test showed a .14 alcohol concentration.

3. Appellant contends that rescission of revocation is warranted because the Commissioner failed to comply with his timely demand for production of live witnesses to testify to withdrawal of the blood sample and manner of testing.

Minn.Stat. § 634.15, subd. 2 (1986), provides:

An accused person or the accused person's attorney may request, by notifying prosecuting attorney at least ten days before the trial, that the following persons testify in person at the trial on behalf of the state:

(a) A person who performed the laboratory analysis or examination for the report described in subdivision 1, clause (a); or

(b) A person who prepared the blood sample report described in subdivision 1, clause (b).

We have held that a blood sample report can be excluded if the Commissioner fails to comply with a timely request to produce

live witnesses under Minn.Stat. § 634.15, subd. 2. *Roche v. Commissioner of Public Safety,* 372 N.W.2d 92, 95 (Minn.Ct.App. 1985); *Weise v. Commissioner of Public Safety,* 370 N.W.2d 676, 678 (Minn.Ct.App. 1985).

■ Here, because the issue of the validity of the test was not raised in the petition for judicial review, the Commissioner had no duty to produce the live testimony. In fact, the petition contained the statement that petitioner did not refuse to permit the test or, in the alternative, that his refusal to take the test was reasonable under Minnesota law.

If anything, raising the refusal issue negated the necessity to produce live witnesses on the validity of the test.

■ The purpose of the petition's specificity requirement is to give the Commissioner notice of the issues upon which he must present evidence. *See Schram v. Commissioner of Public Safety,* 359 N.W.2d 632, 634 (Minn.Ct.App.1984). Since the petition did not raise the issue of validity of the test, the Commissioner had no reason to believe that the production of live witnesses was material. We will not impose on the Commissioner a duty to produce live witnesses to anticipate issues not stated in the petition with specificity as required by Minn.Stat. § 169.123, subd. 5c (1986).

## DECISION

The order of the trial court sustaining the revocation of appellant's driving privileges is affirmed.

Affirmed.

HUSPENI, J., dissents.

HUSPENI, Judge (dissenting).

I respectfully dissent and would rescind the revocation of appellant's license. Officer Molstad chose to offer appellant an alternative to the breath test. By so doing, he was compelled, I believe, to comply with the statutory requirements governing that alternative.

Minn.Stat. § 169.123, subd. 2(c) (1986) provides:

> The peace officer who requires a test pursuant to this subdivision may direct whether the test shall be of blood, breath, or urine. However, if the officer directs that the test shall be of a person's blood or urine, the person may choose whether the test shall be of blood or urine.

There is nothing in this provision which requires that the driver be given the choice of a blood or urine test only if blood or urine is the first test offered.

In mandating that a driver be given the choice between blood and urine tests the legislature recognized that some people have a reasonable aversion to providing a blood sample. *State v. Boland,* 299 Minn. 198, 199, 217 N.W.2d 491, 492 (1974). This reasonable aversion does not disappear merely because a driver is first offered a breath test.

Further, I cannot agree with the majority's attempt to distinguish *Haugen v. Commissioner of Public Safety,* 389 N.W.2d 222 (Minn.Ct.App.1986). In *Haugen* the only test offered was a blood test. However, there is nothing in *Haugen* which limits its holding to such a factual setting. *Haugen* recognizes that "we cannot ignore the legislative mandate that a driver must be given a choice." *Id.* at 224. The legislatively mandated choice recognized in *Haugen* is not a choice between a breath test and a blood test; it is a choice between a blood test and a urine test. Appellant was not offered that choice.