**Bradley Arthur HOYT, Petitioner, Appellant,**

v.

**COMMISSIONER OF NATURAL RESOURCES, Respondent.**

No. C5–92–923.

Court of Appeals of Minnesota.

Nov. 10, 1992.

---

Andrew S. Birrell, John J. Leunig, Minneapolis, for appellant.

Steven M. Tallen, Carruthers & Tallen, Minneapolis, for respondent.

Considered and decided by KLAPHAKE, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

RANDALL, Judge.

Appellant was arrested for operating a motorboat while under the influence. His motorboat operating privileges were revoked under the motorboat implied consent law. He petitioned for judicial review, and the trial court sustained the revocation. Hoyt appeals. We affirm the trial court.

## FACTS

On August 4, 1991, appellant was operating a motorboat on Lake Minnetonka, when he was stopped for violation of speed regulations. The deputies observed indicia of intoxication, and placed him under arrest for violating Minn.Stat. § 86B.331, subd. 1(a)(1) (1990) (prohibiting operation of a motorboat while under the influence).

The deputy sheriff read appellant the motorboat implied consent advisory pursuant to Minn.Stat. § 86B.335, subd. 6. Appellant was then allowed to consult by telephone with an attorney. The deputy asked appellant to take a breath test. He did not offer appellant the choice of a blood or urine test. Appellant refused testing, and his motorboat operating privileges were revoked for one year by the Commissioner of Natural Resources.

Appellant petitioned for judicial review, and a hearing was held. He asserted that the failure of the deputy to offer him all three tests required rescission of the revocation. The trial court ruled that the deputy properly offered only a breath test. Hoyt appeals.

## ISSUE

■ Must an officer who invokes the motorboat implied consent law, Minn.Stat. § 86B.335, subd. 1 (1990), offer the person a choice of blood, breath and urine tests?

## ANALYSIS

This appeal concerns the choice of tests, if any, which an officer *must* offer when Minn.Stat. § 86B.335, subd. 1 (1990), the motorboat implied consent law, is invoked. The law provides:

A person who operates or is in physical control of a motorboat in operation on the waters of this state is required, subject to the provisions of this section, to take or submit to a test of the person's blood, breath, or urine for the purpose of determining the presence and amount of alcohol or a controlled substance. * * * The test shall be administered at the direction of an officer authorized to make arrests under section 86B.331, subdivision 2. Taking or submitting to the test is mandatory when requested by an officer who has probable cause [and one of four statutory conditions exists].

*Id.*

The officer offered appellant only a breath test. Appellant contends the officer was required to offer him the choice of all three tests before a refusal to submit to testing could occur.

Appellant compares the motorboat law to the current motorist implied consent law. *See* Minn.Stat. § 169.123, subd. 2(a) (Supp. 1991). Appellant contends that each statute requires a person to take a "blood, breath, or urine" test. Because the statutes are phrased in the disjunctive, appel-

lant argues these provisions require a person to take any one of the three tests, and the person cannot be deemed to have refused testing unless all three tests are refused. Appellant argues this possibility was removed only as to the motorist implied consent law, because there the legislature inserted a provision which states:

> The peace officer who requires a test pursuant to this subdivision may direct whether the test shall be of blood, breath or urine.

Minn.Stat. § 169.123, subd. 2(c) (Supp. 1991). Appellant asserts that because the motorboat implied consent provision is silent on this point, the officer must offer all three tests, or the person cannot be deemed to have refused testing.

We disagree. The state must offer the choice of tests mandated by the legislature. *Meyers v. Commissioner of Pub. Safety*, 379 N.W.2d 219, 221 (Minn.App.1985). Throughout the years, the language as to the choice of tests for highway motorists has been amended, and various versions have reflected the legislature's concern that individuals may have a reasonable aversion to providing a blood or urine sample. *Haugen v. Commissioner of Pub. Safety*, 389 N.W.2d 222, 223–24 (Minn.App. 1986).

The supreme court has addressed a version of the motorist implied consent statute which was similar to the current motorboat implied consent law, under which the driver argued that the officer was required to offer a choice of all three tests. *State v. Boland*, 299 Minn. 198, 199, 217 N.W.2d 491, 492 (1974). Minn.Stat. § 169.123, subd. 2 (1974) at that time provided in relevant part:

> Any person who drives or operates a motor vehicle upon the public highways of this state shall be deemed to have given consent * * * to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood. The test shall be administered at the direction of a peace officer. * * * Any person may decline to take a direct blood test and elect to take either a breath, or urine test, whichever is available, in lieu thereof, and either a breath or urine test shall be made avail-

able to the arrested person who makes such an election. No action shall be taken against the person for declining to take a direct blood test unless either a breath, or urine test was available.

*Id.* at 198, 217 N.W.2d at 491 (emphasis deleted). The driver in *Boland* was offered a choice between blood and breath tests, and refused both. He was not offered a urine test, and argued the police were obligated to · offer a choice of all three. *Id.* at 199, 217 N.W.2d at 491. The court held that requiring the police to offer both alternative tests, in addition to the breath test, would be reading something into the statute which was not there, and rejected the driver's argument. *Id.* at 199, 217 N.W.2d at 492.

If the officer here had offered only a blood or urine test, we would have a more difficult decision. Because of the recognized aversion some people have towards providing a blood or urine sample, an offer of only blood or urine arguably could call for an offer of a breath test as an option. *See Haugen*, 389 N.W.2d at 224. But, we do not have that issue, and no answer is given.

■ Here, a breath test was offered, and the statutory choices available to the officer are phrased in the disjunctive. The use of the word "or" in the statute indicates a choice of the offered options. *See State v. Rossow*, 310 Minn. 399, 401–02, 247 N.W.2d 398, 400 (1976). When the officer, as here, offers a breath test, we find no authority to require that additional options be offered under the present motorboat implied consent law. The range of choice which appellant seeks can be created only by the legislature. The present statute gives no such clear intent. *See Boland*, 299 Minn. at 199, 217 N.W.2d at 492.

### DECISION

The order of the trial court sustaining the revocation of respondent's motorboat operating privileges is affirmed.

Affirmed.