*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1435**

Bryce Edward Ramthun, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed July 21, 2014
Affirmed
Rodenberg, Judge**

Wright County District Court
File No. 86-CV-13-826

Charles L. Hawkins, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Johnson, Judge; and Chutich, Judge.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant Bryce Edward Ramthun challenges the district court's order sustaining the implied consent revocation of his driver's license. We affirm.

## FACTS

On January 11, 2013 appellant was stopped for speeding by Wright County Sheriff's Deputy Travis MacLeod at approximately 2:49 p.m. Deputy MacLeod noticed that appellant smelled of alcohol and had bloodshot, watery eyes. When Deputy MacLeod asked appellant whether he had consumed alcohol, appellant admitted consuming two alcoholic beverages. After appellant submitted to field sobriety tests and to a preliminary breath test, which revealed an alcohol concentration of .125, Deputy MacLeod arrested appellant.

At approximately 3:34 p.m., Deputy MacLeod read appellant the implied consent advisory at the Wright County Jail. Deputy MacLeod informed appellant that refusal to submit to chemical testing is a crime. He informed appellant that he had the right to consult with an attorney before submitting to testing. Appellant chose not to contact an attorney. Deputy MacLeod asked whether appellant would take a breath test. Appellant replied "sure" but also indicated that he wanted a blood test. Deputy MacLeod replied that appellant was being offered only a breath test and advised appellant that he could take a blood test at his own expense. Deputy MacLeod also told appellant that if he did not submit to a breath test it would be considered a test refusal. The implied consent advisory was completed at approximately 3:36 p.m., and appellant agreed to a breath test

at approximately 3:43 p.m. The test indicated an alcohol concentration of .11. Deputy MacLeod then issued appellant a notice and order of revocation of his driver's license. Appellant petitioned for judicial review of the revocation.

The only issue raised at the implied consent hearing was appellant's contention that the breath test was illegal under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). Deputy MacLeod and a corrections officer testified. Appellant did not testify. The district court made its order before our supreme court's decision in *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). The district court (accurately anticipating the test that would be adopted in *Brooks*) found that, "under the totality of the circumstances, . . . [appellant's] consent [was] voluntary, not coerced." It also held that "the voluntariness of [appellant's] consent was not rendered invalid by his desire to take a blood test instead of a breath test." The district court sustained the revocation of appellant's driver's license. This appeal followed, and we stayed the appeal until after our supreme court's decision in *Brooks*. The stay has now been dissolved.

## DECISION

In a civil action to rescind the revocation of driving privileges under the implied consent law, the commissioner has the burden to demonstrate by a preponderance of the evidence that revocation is appropriate. *Kramer v. Comm'r of Pub. Safety*, 706 N.W.2d 231, 235 (Minn. App. 2005). In reviewing a district court's order sustaining an implied consent revocation, we will not set aside findings of fact unless they are clearly erroneous. *Jasper v. Comm'r of Pub. Safety*, 642 N.W.2d 435, 440 (Minn. 2002). We

3

will overturn conclusions of law only when the district court "erroneously construed and applied the law to the facts of the case." *Dehn v. Comm'r of Pub. Safety*, 394 N.W.2d 272, 273 (Minn. App. 1986).

Appellant argues that his consent to the breath test was coerced because Deputy MacLeod told him that he would be charged with a crime if he refused to provide a breath sample. Collection and testing of a person's breath is a search under the Fourth Amendment to the United States Constitution and therefore requires a warrant or an exception to the warrant requirement. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989). A warrantless search is valid when a person voluntarily consents to it. *Brooks*, 838 N.W.2d at 568.

The state bears the burden of demonstrating by a preponderance of the evidence that the driver freely and voluntarily consented to a search. *Id.* To determine whether consent was voluntary, the totality of the circumstances must be examined, "including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *State v. Harris*, 590 N.W.2d 90, 102 (Minn. 1999). The nature of the encounter includes how the police came to suspect the driver was under the influence, whether police read the driver the implied consent advisory, and whether the driver had the right to consult with an attorney. *Brooks*, 838 N.W.2d at 560. A driver's decision to take a test is not coerced or extracted "simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id.* at 570.

The district court conducted the equivalent of a *Brooks* analysis, despite *Brooks* having not yet been decided. We defer to the district court's factual findings within that

4

analysis. *See Jasper*, 642 N.W.2d at 440. There is ample record support for the district court's finding that, based on the totality of the circumstances, appellant's consent was voluntary and not coerced. Appellant was read the implied consent advisory and submitted to testing within one hour of being stopped by Deputy MacLeod. Appellant was told that he had the right to contact an attorney and chose not to do so. Appellant signed the implied consent advisory, indicating that he understood it and consented to taking a breath test, and Deputy MacLeod testified that he believed appellant understood the advisory. This DWI is not appellant's first, so he cannot claim that he was unfamiliar with the implied consent process at the time of testing. There is nothing in this record to indicate that appellant "was coerced in the sense that his will had been overborne and his capacity for self-determination critically impaired." *See Brooks*, 838 N.W.2d at 571.[1]

Appellant contends that his expression of a preference for a blood test amounted to a clear expression of his refusal to consent to a breath test. But close examination of the record supports the district court's finding that appellant's consent to the breath test was voluntary and not coerced. The record indicates that, after Deputy MacLeod explained to appellant that he could not choose the type of test he would take, appellant thereafter expressed his willingness to take a breath test. The district court's totality-of-the-

---

[1] Deputy MacLeod's having required a breath test rather than a blood test does not render appellant's consent coerced. According to statute, a peace officer may require a chemical test to be a breath test. Minn. Stat. § 169A.51, subd. 3 (2012). And Minnesota caselaw has long recognized an officer's ability to require that the method of testing be of an arrestee's breath sample. *See, e.g.*, *Meyers v. Comm'r of Pub. Safety*, 379 N.W.2d 219, 221 (Minn. App. 1985); *Forrest v. Comm'r of Pub. Safety*, 366 N.W.2d 371, 372 (Minn. App. 1985), *review denied* (Minn. June 27, 1985); *Carlson v. Comm'r of Pub. Safety*, 357 N.W.2d 391, 392 (Minn. App. 1984), *review denied* (Minn. Mar. 6, 1985).

5

circumstances analysis is thorough and supported by the record. Its findings are not clearly erroneous, and it properly applied the law.

**Affirmed.**