**Larry Gene GABRICK, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent**

No. C4–86–662.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Sheila R. Faulkner, Minneapolis, for appellant.

Hubert H. Humphrey, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Larry Gene Gabrick was arrested for driving while under the influence, and the officer determined he refused testing. Upon a hearing on Gabrick's petition for judicial review, the trial court sustained the revocation. Gabrick appeals. We affirm.

## FACTS

On September 15, 1985, at approximately 3:10 a.m., Officer Steven Sizer of the Minneapolis Police Department observed appellant's vehicle in the vicinity of Dowling Avenue North and Interstate 94. Appellant traveled eastbound on Dowling, turned onto I–94, proceeded at a high rate of speed, and was weaving, using all three

---

lanes of the freeway. Sizer clocked the vehicle at 95 miles per hour.

Sizer stopped appellant in the vicinity of I–94 and Broadway, and noted that appellant's breath smelled of an alcoholic beverage, his eyes were bloodshot and watery, and his speech was slurred. Sizer ordered appellant from his vehicle and placed him under arrest for driving while under the influence of an alcoholic beverage.

He then took appellant to the chemical test unit of the Minneapolis Police Department, where he read appellant the implied consent advisory. After reading the advisory, Officer Sizer asked appellant "do you understand what I have just explained," and the appellant did not answer. He asked "will you take the breath test," but appellant refused to answer. Sizer considered the refusal to answer as a refusal to submit to chemical testing.

After Officer Sizer had read the implied consent advisory and deemed appellant's refusal to answer as a refusal to submit to a breath test, Sizer filmed appellant on videotape. On videotape, Sizer stated that appellant refused to submit to testing and appellant replied, "I did not refuse."

Appellant testified that while handcuffed in the breathalyzer room Officer Sizer reached into his back pocket and obtained a switchblade which he threw on the floor of the room. He testified that Officer Sizer threw him to the ground and beat his head against the wall three times, and that he had cuts on his face as a result of the alleged assault. He testified that he had not filed any complaint with the Internal Affairs Division of the Minneapolis Police Department or with the Minneapolis City Attorney's office regarding the alleged assault. Appellant also testified that he had consented to a breath test.

The trial court reviewed the videotape and found that there was no evidence of any cuts or bruises to appellant's forehead or face, and that the videotape was taken after the alleged assault occurred.

The trial court concluded, in relevant part, that appellant refused to submit to testing. It also noted that if appellant was assaulted by Officer Sizer, the proper forum to adjudicate the matter would be an investigation by the Internal Affairs Division of the Minneapolis Police Department or the Minneapolis City Attorney's Office. The trial court sustained the revocation.

## ISSUES

1. Was the trial court clearly erroneous in its findings of fact?

2. Did the trial court err in concluding that refusal to answer the request to take the breath test was a refusal under the implied consent law?

## ANALYSIS

### I.

Appellant challenges several findings of fact made by the trial court. Findings of fact by the trial court will not be reversed unless clearly erroneous, and due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01; *Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705, 707 (Minn.Ct.App.1984). In this case, the facts which the appellant disputes were contested facts, which the trial court had to determine on the basis of the credibility of the witnesses. We decline to reverse such findings.

### II.

Appellant also argues that his actions did not constitute refusal. Under the implied consent law, an officer may require a person to take a test to determine his alcohol concentration if the statutory requirements are met. Minn.Stat. § 169.123, subd. 2a (Supp.1985). While a person has no actual right to refuse testing, he nonetheless does have the option of doing so. *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512, 517 (Minn.1985), *appeal dismissed*, —— U.S. ——, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985). The penalty for refusing is revocation of the person's driver's license for one year. Minn.Stat. § 169.123, subd. 4 (1984).

While a definition of refusal is not provided in the statute, case law provides guidance. In *Anderson v. Commissioner of Public Safety*, 379 N.W.2d 678, 681 (Minn. Ct.App.1986), this court noted that: "A driver may communicate refusal to take a test by either words or acts." A driver's failure to comply reasonably with the administration of the test can constitute a refusal. *Sigfrinius v. Commissioner of Public Safety*, 378 N.W.2d 124, 126 (Minn. Ct.App.1985).

In this case, the officer's finding of refusal was based on the driver's failure to respond to the question of whether he would take a breath test. The trial court, after hearing all the evidence, concluded that appellant refused to submit to testing because he refused to answer the question "will you take the breath test." An officer is not required to wait for the driver to decide at his convenience whether or not he will submit to testing. *See State v. Palmer*, 291 Minn. 302, 308–09, 191 N.W.2d 188, 191–92 (1971). A reasonably prompt decision whether the driver will take the test is in keeping with the purpose of the statute to protect the public from the hazards of intoxicated drivers. *Anderson*, 379 N.W.2d at 681. Failure to respond to a request to take a test may constitute refusal under the implied consent law. There was credible evidence to support the trial court's determination that appellant refused the test. The trial court did not err in finding that a refusal had, in fact, occurred.

## DECISION

The trial court's order sustaining the revocation of appellant's driving privileges is affirmed.

Affirmed.