Glenys Marilyn MAHANKE,
petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C1–86–831.

Court of Appeals of Minnesota.

Nov. 4, 1986.

Tom Rowe, Doffing, Rowe & Mayrand, St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., M. Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by FOLEY, P.J., and SEDGWICK and FORSBERG, JJ. with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order rescinding the revocation of respondent's driving privileges. We reverse.

## FACTS

On February 17, 1986, Officer John Dennig of the Minnesota State Patrol was on duty on northbound highway 169 in the City of Crystal. He observed a vehicle drive out of control, swerve from the left to the right, hit a snow bank on the right side of the road, then swerve across the highway and come to rest straddling the median concrete divider. The vehicle became stuck. Upon making these observations, Officer Dennig approached the driver of the vehicle, later identified as Glenys Marilyn Mahanke, the respondent in this matter. Officer Dennig then noted that she exhibited several indicia of intoxication. He then placed her under arrest and charged her with driving while under the influence.

Officer Dennig then read the Minnesota Implied Consent Advisory form to respondent. Because Officer Dennig had difficulty obtaining an adequate breath sample from the respondent for the purpose of the preliminary breath test prior to the arrest, he decided not to offer a breath test to respondent, but decided to ask her to submit to a blood or urine test.

Officer Dennig took the respondent to a hospital and asked her whether she would take the "blood or urine test." The respondent then replied: "I will do whatever is required of me by the laws of the State of Minnesota."

Officer Dennig then asked the respondent which test she elected to take. The respondent did not provide an answer. Finally, after allowing respondent to converse with the lab technician, Officer Dennig asked again whether she would submit to a blood test. She again replied that she would do whatever was required of her by the laws of the State of Minnesota.

The officer took her reply as a refusal and informed her that her license would be revoked for a year. Before leaving the hospital, but after the officer's determination that the respondent had refused testing, respondent told the officer that if she

did submit to a blood test, she would want a written statement from the hospital that the syringe used was sterile and free of AIDS.

## ISSUE

Does the failure of a driver to elect either a blood or urine test constitute a refusal to submit to testing?

## ANALYSIS

In this case, the trial court held that where a person declines to exercise the statutory right to choose between a blood or a urine test and places a condition on the blood test, such conduct is not a refusal, and the officer must direct the administration of a urine test. We disagree.

Minn.Stat. § 169.123, subd. 2(c) provides that:

The peace officer who requires a test pursuant to this subdivision may direct whether the test shall be of blood, breath, or urine. However, if the officer directs that the test shall be of a person's blood or urine, the person may choose whether the test shall be of blood or urine.

If an officer directs that the test be of blood or urine, a driver has three choices: a blood test, a urine test, or refusing to take a test. By not specifically choosing either the blood or the urine test, the driver clearly chose not to submit to testing.

## DECISION

Reversed.