Carlton Aldrich **WORKMAN,**
**Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC**
**SAFETY, Appellant.**

**No. C1-91-696.**

Court of Appeals of Minnesota.

Nov. 19, 1991.

Frederic Bruno, Bruno & Gray, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey F. Lebowski, Sp. Asst. Atty. Gen., St. Paul, for appellant.

\* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

Considered and decided by KLAPHAKE, P.J., and CRIPPEN and LOMMEN, JJ.

## OPINION

LOMMEN,\* Judge.

Respondent's driver's license was revoked pursuant to the implied consent law. He petitioned for judicial review. The trial court rescinded the revocation, and the Commissioner of Public Safety appeals. We reverse.

## FACTS

State trooper Jeffrey M. Westrum was on duty on October 27, 1990, at approximately 2:14 a.m., when he observed respondent's vehicle speeding and weaving. The trooper stopped the vehicle and observed indicia of intoxication. He arrested respondent for driving while under the influence and read him the implied consent advisory. The trooper offered respondent only a blood test, and respondent agreed to take it. A later analysis of the blood sample showed an alcohol concentration of .15. Respondent's driver's license was revoked pursuant to the implied consent law.

Respondent petitioned for judicial review, and a hearing was held. The trial court rescinded the license revocation on the grounds that the trooper did not offer the choice of tests required by law. The Commissioner of Public Safety appeals.

## ISSUE

Does Minn.Stat. § 169.123, subd. 2(c) (1990) require the officer to offer the driver an initial choice between a blood test and an alternative test?

## ANALYSIS

Any person who drives a motor vehicle is subject to the provisions of the implied consent law and must submit to chemical testing when requested by a peace officer. Minn.Stat. § 169.123, subd. 2(a) (1990). Minn.Stat. § 169.123, subd. 2(c) (1990) currently provides:

pursuant to Minn. Const. art. VI, § 2.

The peace officer who requires a test pursuant to this subdivision may direct whether the test shall be of blood, breath, or urine. *Action may be taken against a person who refuses to take a blood test only if an alternative test was offered and action may be taken against a person who refuses to take a urine test only if an alternative test was offered.*

(Emphasis added.) The issue which arises here is whether this language required the officer to offer respondent a choice between a blood test and an alternative test, or whether the alternative test had to be offered only if respondent had refused the blood test.

The law regarding the test which the driver may be required to take, and the choice, if any, which is to be offered, has changed over the years and various challenges have arisen under different versions of the law. *Haugen v. Commissioner of Pub. Safety,* 389 N.W.2d 222, 223 (Minn. App.1986). The legislature has given a driver the option of an alternative test under certain circumstances because that person may have a reasonable aversion to giving a blood or urine sample. *Id.* at 224.

In the prior version of the statute, the language explicitly required that the person must be given a choice. *See* Minn.Stat. § 169.123, subd. 2(c) (Supp.1985); *Haugen,* 389 N.W.2d at 223. The trial court and respondent rely on language in *Haugen* in which this court stated no choice exists when only one test is offered. *Id.* at 223–24. However, the legislature amended the statute to remove the requirement. When respondent was offered and agreed to take a blood test, the trooper was not required to give him the choice of an alternative test under the current version of the statute.

## DECISION

The order of the trial court rescinding the revocation is reversed.

Reversed.