STATE of Minnesota, Respondent,

v.

Scott T. HAGEN, Appellant.

No. C5–94–1669.

Court of Appeals of Minnesota.

April 11, 1995.

Hubert H. Humphrey, Atty. Gen., St. Paul, Michael J. Leary, Asst. Marshall City Atty., Marshall, for respondent.

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., KLAPHAKE and DAVIES, JJ.

## OPINION

RANDALL, Judge.

Scott Hagen was stopped after police observed him driving erratically. Hagen was charged with driving while intoxicated (DWI) and refusing to submit to testing. After a trial by jury, he was acquitted of the DWI charge, but convicted of refusing to submit to testing. Hagen appeals, arguing the officer used improper procedures in directing him to submit to testing.

## FACTS

On August 4, 1993, Lyon County Sheriff's Deputy Mark Mathers stopped Hagen after Mathers observed him almost hit the curb and cross over the center line and fog line. Deputy Ron Stephens arrived on the scene to assist Mathers. Mathers ordered Hagen out of his car. The deputies observed that Hagen had poor balance and exhibited signs of intoxication. Mathers had Hagen perform field sobriety tests, each of which he failed.

Mathers placed Hagen under arrest for DWI and Stephens placed him in Mather's squad car. Mathers began to read the implied consent advisory. Hagen stated he wanted to speak with an attorney. Mathers then drove Hagen to the Lyon County Sheriff's Department.

After Hagen spoke with an attorney by phone, Mathers completed reading the implied consent advisory. Mathers stated, "Will you take a blood or urine test?" Hagen did not respond. Mathers asked Hagen twice more whether he would take a blood or urine test. Hagen did not respond. Mathers decided a reasonable time had passed and he considered Hagen's failure to respond as a refusal. Hagen was arrested for failure to submit to testing.

After a jury trial, Hagen was acquitted of the DWI charge, but convicted of refusal to submit to testing. He appeals from his conviction.

## ISSUES

Does Minn.Stat. § 169.123, subd. 2(c) (1992) require police to offer another alternative test after a driver does not respond when asked if he or she wants to take a blood or urine test?

## ANALYSIS

Hagen challenges his conviction, arguing that the police did not comply with the implied consent statute and that the trial court improperly construed and applied the law. Conclusions of law will be overturned only when the reviewing court determines that the trial court erroneously construed and applied the law to the facts of the case. *Dehn v. Commissioner of Pub. Safety*, 394 N.W.2d 272, 273 (Minn.App.1986).

Any person who drives a motor vehicle is subject to the provisions of the implied consent law and must submit to chemical testing when requested by a peace officer. Minn. Stat. § 169.123, subd. 2(a) (1992); *Workman v. Commissioner of Public Safety*, 477 N.W.2d 539, 539 (Minn.App.1991).

Minn.Stat. 169.123, subd. 2(c) (1992) provides:

> The peace officer who requires a test pursuant to this subdivision may direct whether the test shall be of blood, breath, or urine. *Action may be taken against a person who refuses to take a blood test only if an alternative test was offered and*

*action may be taken against a person who refuses to take a urine test only if an alternative test was offered.*

(Emphasis added.) A driver is given the option of an alternative when offered either a blood or urine test because a person may have a reasonable aversion to giving a blood or urine sample. *Franko v. Commissioner of Pub. Safety,* 432 N.W.2d 469, 472 (Minn. App.1988).

If an officer directs a driver suspected of driving under the influence to submit to either a blood or urine test, the driver who does not specifically choose either of the tests has refused to submit to testing. *Mahanke v. Commissioner of Pub. Safety,* 395 N.W.2d 437, 438 (Minn.App.1986). Refusal to reply to a request to take an alcohol concentration test may constitute a refusal to submit to testing. *Gabrick v. Commissioner of Pub. Safety,* 393 N.W.2d 23, 25 (Minn.App. 1986). A driver who fails to respond to an officer has refused to take the test where there is no indication the driver is incapable of refusal. *Lindemann v. Commissioner of Pub. Safety,* 404 N.W.2d 909, 911 (Minn.App. 1987).

Hagen does not contest that his silence could constitute refusal. Hagen argues, however, that the officer never gave him a specific direction to take one or the other test, such that he could refuse. He also argues that the officer should have offered him an alternative test after he did not respond to the officer's questions. His argument is that the plain language of the statute requires this procedure.

The deputy offered Hagen a choice of taking either the blood or urine test. The deputy did not need to allow Hagen an initial choice. He could have directed him to take just one of them. *See* Minn.Stat. § 169.123, subd. 2(c) (1992). If Hagen had refused the officer's direction to take one test, the deputy *would then* have needed to offer an alternative test. *See id.; Franko,* 432 N.W.2d at 472. Here, because the deputy initially offered Hagen a choice of either test, the officer's actions satisfy the statutory requirement that an alternative test be offered. *See* Minn.Stat. § 169.123, subd. 2(c), *Mahanke,* 395 N.W.2d at 438 ("If an officer directs that

the test be of blood or urine, a driver has three choices: a blood test, a urine test, or refusing to take a test"). Hagen's silence constituted a refusal to submit to testing. *See Gabrick,* 393 N.W.2d at 25.

█ The statute does not explicitly require that the officer direct the driver to take one test, and then on refusal offer an alternative test. It only states that, as to refusal to take blood or urine tests, the state may not prosecute unless an alternative test was offered. Here both were offered. Each is an alternative to the other. The requirements of the statute were met. *See Mahanke,* 395 N.W.2d at 438.

█ Further, although the statute provides for three types of tests: blood, urine, and breath, the officer need not offer all three. Refusal of a urine test after refusal of a blood test constitutes a refusal under the statute. *See, e.g., Lynch v. Commissioner of Pub. Safety,* 498 N.W.2d 37, 38–40 (Minn. App.1993) (refusal of urine test after refusal of blood test).

Hagen was offered a choice of taking either a blood or urine test. The officer complied with the statute. The statute did not require the officer to offer yet another alternative test after Hagen refused to take either a blood or urine test.

### DECISION

The police complied with the implied consent statute by offering the driver the choice of a blood or urine test. The trial court properly construed and applied the law.

**Affirmed.**