**Stephen Adolph MOE, petitioner, Respondent (C9–97–1706),**

**Kenneth Martin Rice, petitioner, Respondent (C9–97–1821),**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant (C9–97–1706 & C9–97–1821).**

Nos. C9–97–1706, C9–97–1821.

Court of Appeals of Minnesota.

Feb. 10, 1998.

Review Denied April 14, 1998.

---

Hubert H. Humphrey, III, Attorney General, Steven H. Alpert, Assistant Attorney General, St. Paul, for appellant.

Jeffrey S. Sheridan, Strandemo & Sheridan, P.A., Inver Grove Heights, for respondents.

Considered and decided by ·SHORT, P.J., and HARTEN and MANSUR, *JJ.

## OPINION

SHORT, Judge.

The driving privileges of Stephen Adolph Moe and Kenneth Martin Rice were revoked pursuant to Minn.Stat. § 169.123, subd. 4 (1994). Both revocations were rescinded when trial courts concluded that alcohol concentration test results were obtained in violation of the drivers' due process rights. On this consolidated appeal, the Commissioner of Public Safety argues there is no due process violation where peace officers accurately summarize the statutory language, and the revocations should be sustained.

## FACTS

Moe and Rice were arrested for driving under the influence of alcohol. Both arresting officers read the implied consent advisory. In Moe's case, the officer explained that

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

"refusal to take a test is a crime," and asked Moe, "[w]ill you take the blood test?" In Rice's case, the officer explained that "refusal to take a test is a crime" and asked Rice, "[w]ill you take the urine test?"

Moe contacted his attorney, then agreed to take the blood test. Rice was informed of his right to counsel, chose not to contact an attorney, and agreed to take the urine test. Moe's blood test and Rice's urine test results indicated alcohol concentrations of .10 or more.

## ISSUE

Were the alcohol concentration test results obtained in violation of the drivers' due process rights?

## ANALYSIS

 The interpretation and constitutionality of statutes are questions of law, which this court reviews de novo. *See Estate of Jones by Blume v. Kvamme*, 529 N.W.2d 335, 337 (Minn.1995) (constitutionality); *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985) (interpretation). We need not give deference to a trial court's legal conclusions. *Berge v. Commissioner of Pub. Safety*, 374 N.W.2d 730, 732 (Minn.1985).

 No individual shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V; Minn. Const. art. I, § 7; *see also Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971) (holding driver's license is protected property for due process purposes); *see generally* Max Kravitz, *Ohio's Administrative License Suspension: A Double Jeopardy and Due Process Analysis*, 29 Akron L.Rev. 123, 190–93 (1996) (discussing constitutional parameters of due process in drunk driving context). However, due process is a flexible concept and the form of procedural protection varies according to the particular situation. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

Minn.Stat. § 169.123, subd. 2(c) (1994) provides:

The peace officer who requires a test pursuant to this subdivision may direct whether the test shall be of blood, breath, or urine. Action may be taken against a person who refuses to take a blood test only if an alternative test was offered and action may be taken against a person who refuses to take a urine test only if an alternative test was offered.

 Moe and Rice argue the advisory, which failed to offer an alternative test, was inaccurate, misleading, and threatened them with potential criminal penalties that the state was not authorized to impose. *See McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848, 854–55 (Minn.1991) (holding part of implied consent advisory unconstitutional where it threatened unauthorized criminal charges). However, a state does not violate the fundamental fairness inherent to due process by choosing not to advise individuals of all the possible consequences of refusing an alcohol concentration test. *South Dakota v. Neville*, 459 U.S. 553, 564–66, 103 S.Ct. 916, 923–24, 74 L.Ed.2d 748 (1983); *Davis v. Commissioner of Pub. Safety*, 517 N.W.2d 901, 904 (Minn.1994); *see also Catlin v. Commissioner of Pub. Safety*, 490 N.W.2d 445, 447 (Minn.App.1992) (holding due process does not require advisory to explain every potentially unclear application of law).

 We conclude the implied consent advisories given to Moe and Rice were not inaccurate or misleading, and did not violate the drivers' constitutional rights. Both advisories correctly stated that "refusal to take a test is a crime." *See* Minn.Stat. § 169.123, subd. 2(b)(2) (1996) (stating it is crime for person to refuse to submit to chemical test). Moreover, both drivers' rights to counsel were vindicated. *See Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 832 (Minn.1991) (holding driver has right to counsel prior to deciding whether to submit to testing). Due process does not require an arresting officer to offer an initial choice among tests. *See* Minn.Stat. § 169.123, subd. 2(c) (providing officer may direct whether test shall be of blood, breath, or urine). Because Moe and Rice agreed to submit to the particular test offered, the

arresting officers were not required to offer an alternative test. *See Workman v. Commissioner of Pub. Safety,* 477 N.W.2d 539, 540 (Minn.App.1991) (concluding when individual was offered and agreed to take blood test, officer not required to give him choice of an alternative test). Under these circumstances, the alcohol concentration test results were properly obtained and the trial court erred in rescinding the revocations.

## DECISION

Due process does not require an implied consent advisory to explain every potentially unclear application of the law. An attorney, not a peace officer, is the appropriate source of legal advice. A peace officer's use of a summary advisory does not violate the law where the summary is accurate, the driver's right to counsel is vindicated, and the driver consents to the offered test.

**Reversed.**