**Ricky Robert FEHLER, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C6–98–1897.

Court of Appeals of Minnesota.

April 27, 1999.

Considered and decided by HARTEN, Presiding Judge, SHUMAKER, Judge, and HUSPENI,* Judge.

## OPINION

SHUMAKER, Judge

Appellant Ricky Robert Fehler challenges the district court's order sustaining the revocation of his driver's license, arguing that the arresting officer violated due process by giving him erroneous information about the consequences of test refusal, thereby inducing him to submit to alcohol-concentration testing. We affirm.

## FACTS

The undisputed facts reveal that a Lakeville, Minnesota police officer arrested appellant for driving while under the influence of alcohol. At the police station, the officer read the "Motor Vehicle Implied Consent Advisory" to appellant. Appellant told the officer that he would not take an alcohol-concentration test. He also indicated to the officer that he did not want to contact an attorney or make any telephone calls.

The officer then began to fill out the mandatory notice and order of driver's license revocation and told appellant that the revocation would be for one year. It appeared to the officer that appellant was not aware that he would lose his license because of refusing to take a test. The officer then told him that if he passed the test he would not lose his license at all, but if he took the test and failed he would lose his license for six months. The officer then re-read the implied consent advisory and agreed to give appellant a second opportunity to decide whether to test. Appellant took the test and failed. The commissioner of public safety later cancelled appellant's driver's license for a minimum of one year.

At the implied consent hearing, appellant testified about his decision to take a test:

Q.   And why did you take that test?

Peter B. Wold, Wold, Jacobs & Johnson, P.A., Minneapolis, and Charles N. Ek, The Law Office of Charles N. Ek, P.A., Minneapolis, for appellant.

Mike Hatch, Minnesota Attorney General, Peter R. Marker, Assistant Attorney General, St. Paul, for respondent.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. Art. VI, § 10.

A. Well, when I had got to the police station I had refused at first, because I didn't feel I was intoxicated, and then when the officer told me that I would be losing my license for just six months rather than a year, that would be better than not taking it at all and losing it for a whole year, and * * * it's a little tough driving a semi without a license.

Appellant contended at the hearing that the officer actively misled him by telling him that if he failed the test the revocation period would be only six months.

The district court found that the officer did not actively mislead appellant so as to induce him to submit to an alcohol-concentration test and sustained the commissioner's sanction.

## ISSUE

A police officer, who arrested a person for driving while under the influence of alcohol, explained, at the person's request, the standard driver's license consequences for refusing to take an alcohol-concentration test and for failing such a test under the implied consent law. Because of the driver's undisclosed prior alcohol-related driving convictions, he was subject to consequences greater than the standard. Did the officer deprive the driver of due process by actively misleading him so as to induce him to submit to a test?

## ANALYSIS

■ The facts are not in issue. Appellant argues that the district court's legal conclusions were erroneous. We overturn conclusions of law "only upon a determination that the trial court has erroneously construed and applied the law to the facts of the case." *Dehn v. Commissioner of Pub. Safety*, 394 N.W.2d 272, 273 (Minn.App.1986).

■ Appellant contends that the officer actively misled him about the consequences of failing an alcohol-concentration test and thereby induced him to submit to a test that he failed. Due process is violated if a law enforcement officer actively misleads an indi-

vidual about his statutory obligation to submit to alcohol-concentration testing. *See McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848, 853 (Minn.1991).

■ It is not, however, a violation of due process for an officer to fail "to advise individuals of all the possible consequences they could face in refusing a breath test." *Id.* at 853. As we held in *Catlin v. Commissioner of Pub. Safety*, 490 N.W.2d 445, 447 (Minn. App.1992):

The failure of the advisory to warn of every possible consequence does not violate fundamental fairness inherent in due process. * * * Likewise, due process does not require that the advisory explain every potentially unclear application of the law.

The officer told appellant of the standard driver's license consequences for test refusal and for test failure. Because of appellant's prior alcohol-related driving convictions, he was subject to the license cancellation that was imposed whether he refused a test or submitted and failed. *See* Minn.Stat. § 169.121, subd. 4(a)(4) (1996).

■ An accurate assessment of the precise consequences of alcohol-concentration test refusal or test failure involves a degree of legal analysis that depends on an application of the laws to the unique driving record of the arrested person. This is the domain of the attorney and is beyond the scope of the law enforcement officer's function. *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 833 (Minn.1991). The officer gave accurate information for the standard case. Appellant elected not to speak with an attorney. He knew that he had two prior alcohol-related driving convictions but he chose not to discuss with the officer or to attempt to ascertain the consequences applicable to a multiple offender. He was not entitled to rely on what functionally amounted to the officer's legal opinion based on incomplete information.

## DECISION

We hold that the district court correctly applied the law to the facts when it concluded that the appellant's due process rights were not violated when the police officer read the implied consent advisory and answered appellant's questions.

**Affirmed.**