*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2108**


Adam Perry Schroll, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.


**Filed July 28, 2014
Affirmed
Bjorkman, Judge**


Hennepin County District Court
File No. 27-CV-13-9281

Howard Bass, Bass Law Firm, PLLC, Burnsville, Minnesota (for appellant)

Lori Swanson, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Bjorkman, Judge; and Huspeni, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**BJORKMAN**, Judge

Appellant challenges the revocation of his driver's license, arguing that (1) he did not refuse chemical testing, or alternatively, his refusal was reasonable; and (2) the implied-consent law is unconstitutional. We affirm.

## FACTS

At approximately midnight on May 3, 2013, Sergeant David Riegert of the Minnetonka City Police Department stopped appellant Adam Schroll for speeding. Schroll had bloodshot, watery eyes, emitted an odor of alcohol, slurred his speech, displayed poor balance, and admitted to consuming alcohol. His preliminary breath test showed an alcohol concentration in excess of the legal limit. Sergeant Riegert arrested Schroll for driving while impaired and read him the implied-consent advisory. Schroll indicated that he understood the advisory and wanted to consult an attorney. While on the telephone with his attorney, he requested a pen and paper to write down the advice he received.

When Sergeant Riegert asked if Schroll would submit to a breath test, he responded by reading what he had written:

> I want to cooperate with the process and am not refusing testing but . . . upon advice of counsel I need to see a search warrant before submitting a breath, blood or urine sample based on McNeely versus Missouri and the Fourth Amendment and Article One, Section Ten of the Minnesota Constitution.

Sergeant Riegert again asked Schroll if he would take a breath test and told him he needed a yes or no answer. Schroll asked to call his attorney back and was permitted to do so. Schroll then stated that he would take a breath test when he saw a valid warrant pursuant to *McNeely*. Sergeant Riegert responded that *McNeely* does not apply to breath tests. Schroll replied that his counsel told him differently, and wanted to speak with his attorney again. Sergeant Riegert denied the request. Sergeant Riegert again asked Schroll if he would take a breath test, Schroll replied he would if he saw a warrant and Sergeant Riegert told him "I'm not gonna give you a search warrant, so that's a no." In total, Sergeant Riegert asked Schroll six times if he would submit to a breath test; each time Schroll indicated he wanted to see a warrant.

Pursuant to Minnesota's implied-consent law, respondent Minnesota Commissioner of Public Safety revoked Schroll's driver's license. Schroll petitioned the district court to review the revocation. The district court denied the petition and Schroll now appeals.

## D E C I S I O N

A law-enforcement officer may request that a driver submit to a chemical test of the person's blood, breath, or urine, if the officer has "probable cause to believe the person was driving, operating, or in physical control of a motor vehicle" while impaired. Minn. Stat. § 169A.51, subd. 1(b) (2012). But if a person refuses to submit to chemical testing, "a test must not be given." Minn. Stat. § 169A.52, subd. 1 (2012); *see also State v. Brooks*, 838 N.W.2d 563, 571 (Minn. 2013) ("If a driver refuses the test, the police are required to honor that refusal and not perform the test."), *cert. denied*, 134 S. Ct. 1799

3

(2014). A consequence of such a refusal, however, is that the commissioner of public safety will temporarily revoke the person's driver's license. Minn. Stat. § 169A.52, subd. 3(a) (2012).

**I.      Schroll refused to submit to testing, and his refusal was not reasonable.**

Generally, whether a person refused testing and whether that refusal was reasonable are questions of fact that we review for clear error. *Maietta v. Comm'r of Pub. Safety*, 663 N.W.2d 595, 598 (Minn. App. 2003), *review denied* (Minn. Aug. 19, 2003). But where, as here, there is no factual dispute, the legal significance of the facts is a question of law, which we review de novo. *Id.*

**A.      Schroll refused to submit to testing.**

A driver's refusal to submit to chemical testing may be demonstrated by words or by conduct. *State v. Ferrier*, 792 N.W.2d 98, 102 (Minn. App. 2010), *review denied* (Minn. Mar. 15, 2011). A refusal occurs when a driver imposes his own conditions on the test. *Mahanke v. Comm'r of Pub. Safety*, 395 N.W.2d 437, 438 (Minn. App. 1986).

Schroll argues that he did not refuse to submit to testing, citing his repeated statements that he would take a breath test if he saw a search warrant. We disagree. In *Mahanke*, the driver repeatedly told the officer that she "would do whatever was required of her by the laws of the State of Minnesota" but wanted to see a written statement from the hospital that the syringe used to take her blood was "sterile and free of AIDS." 395 N.W.2d at 437-38. The district court held that Mahanke's placement of a condition on the blood test was not a refusal. We reversed, reasoning that when offered a blood or urine test, "a driver has three choices: a blood test, a urine test, or refusing to take a test,"

4

and that by not choosing either test, as offered, Mahanke "clearly chose not to submit to testing. *Id.* at 438. As in *Mahanke*, Schroll's expressed agreement to submit to testing was conditioned on his own term—that the officer first obtain a warrant. This constitutes refusal to submit to testing.

## B. Schroll's refusal was not reasonable.

A driver may prove as an affirmative defense that his refusal to submit to testing was reasonable. Minn. Stat. § 169A.53, subd. 3(c) (2012). A driver's confusion "with respect to his rights or the consequences of his decision not to submit to testing," may provide a reasonable basis to refuse a test. *Maietta*, 663 N.W.2d at 599. Refusal "may be reasonable if the police have misled a driver into believing a refusal was reasonable or if the police have made no attempt to explain to a confused driver his obligations." *Frost v. Comm'r of Pub. Safety*, 401 N.W.2d 454, 456 (Minn. App. 1987). But receiving incorrect advice from an attorney does not make a refusal reasonable. *Haug v. Comm'r of Pub. Safety*, 473 N.W.2d 900, 902 (Minn. App. 1991).

Schroll first argues that his refusal was reasonable because he was confused by the conflicting advice he received from his attorney and from the police. We are not persuaded. While an officer may not mislead a driver about the statutory obligation to submit to testing, that is not what occurred here. *See, e.g.*, *McDonnell v. Comm'r of Pub. Safety*, 473 N.W.2d 848, 854 (Minn. 1991). Sergeant Riegert told Schroll that refusal to submit to testing is a crime and that the law does not require a search warrant. Schroll's attorney provided conflicting information—that a warrant is required—that ultimately proved to be incorrect. *See Brooks*, 838 N.W.2d at 568 ("[P]olice do not need a warrant

5

if the subject of the search consents."). Sergeant Riegert did not mislead Schroll into believing that refusal based on his attorney's advice would be reasonable, and Schroll had two opportunities to speak with an attorney to clarify any confusion. As we highlighted in *Maietta*, "an attorney, not a police officer, is the appropriate source of legal advice to clear up confusion because an attorney functions as an objective advisor who could explain the alternative choices to the confused driver." 663 N.W.2d at 599.

Schroll next asserts that his attorney's advice was correct, because *McNeely* requires a warrant for breath tests. *See Missouri v. McNeely*, 133 S. Ct. 1552 (2013). But our supreme court rejected this argument in *Brooks*. 838 N.W.2d at 568. On this undisputed record, we conclude that Schroll's refusal to submit to testing was not reasonable.

## II.    The implied-consent law is not unconstitutional.

The constitutionality of a statute is a question of law, which we review de novo. *State v. Melde*, 725 N.W.2d 99, 102 (Minn. 2006). We presume that statutes are constitutional and will strike down a statute only if absolutely necessary. *State v. Wiseman*, 816 N.W.2d 689, 692 (Minn. App. 2012), *cert denied*, 133 S. Ct. 1585 (2013). The challenging party must demonstrate "beyond a reasonable doubt that the statute violates a constitutional provision." *Id.*

Schroll argues that the implied-consent law is unconstitutional because it "condition[s] driving privileges on an unconstitutional warrantless search" and because it criminalizes the valid exercise of a driver's Fourth Amendment rights. We address each argument in turn.

6

This court recently rejected Schroll's unconstitutional-conditions argument in *Stevens v. Comm'r of Pub. Safety*, ___ N.W.2d ___, 2014 WL 3396522 (Minn. App. July 14, 2014). We concluded that the argument fails for four reasons: there is no legal support for applying the unconstitutional-conditions doctrine to a Fourth Amendment constitutional challenge; the implied-consent law "does not authorize any search," because no chemical test is given if a person does not consent; even if the law "authorizes a search of a driver's blood, breath, or urine, such a search would not violate the Fourth Amendment" because it would be constitutionally reasonable; and the implied-consent law is not sufficiently coercive to violate the unconstitutional-conditions doctrine. *Stevens*, 2014 WL 3396522, at *5-11; *see also* Minn. Stat. § 169A.52 (prohibiting a search of a driver's blood, breath, or urine if the driver expressly refuses). Schroll's unconstitutional-conditions argument fails for the same reasons.

Schroll characterizes his second constitutional argument as a due-process challenge flowing from his right to be free from unreasonable searches. We rejected this argument in a criminal test-refusal case, holding "[test-refusal] prosecution did not implicate any fundamental due process rights" and "[t]he Fourth Amendment does not prohibit the state from criminalizing a suspected drunk driver's refusal to submit to a breath test." *State v. Bernard*, 844 N.W.2d 41, 42, 46 (Minn. App. 2014), *review granted* (Minn. May 20, 2014). We reasoned that because the officer had probable cause to believe that Bernard was driving while impaired, the officer also had the option to obtain a test of Bernard's blood by search warrant. *Id.* at 45-46. "In other words, the officer had a lawful option to require Bernard to submit to a chemical test, based on a search

7

warrant, and he instead gave Bernard the choice to voluntarily submit to warrantless testing." *Id.* at 46.

And, as noted above, we more recently held in *Stevens* that the implied-consent law neither authorizes a search that would violate the Fourth Amendment (because no search occurs without a driver's express consent) nor results in a constitutionally unreasonable search. Accordingly, we conclude that Schroll has not met his heavy burden to show that the implied-consent law is unconstitutional.

In sum, we conclude that the implied-consent law does not violate the unconstitutional-conditions doctrine and that Schroll has not met his heavy burden to demonstrate that the implied-consent law is otherwise unconstitutional.

**Affirmed.**